### 15652. LESTER *v.* THE STATE.

BROYLES, C. J. Under the particular facts of the case it was reversible error for the court to fail to instruct the jury upon the law of circumstantial evidence. The other grounds of the amendment to the motion for a new trial were without substantial merit.

*Judgment reversed. Luke and Bloodworth, JJ., concur.*

DECIDED JULY 15, 1924.

Sale, etc., of liquor; from city court of Macon—Judge Gunn. May 9, 1924.

A general verdict of guilty was rendered against Lester upon the charge of possessing and of selling whisky. From the evidence it appeared that a pint bottle containing a small quantity of "illicit whisky" was found on planks laid across the rafters of

a small shed-room attached to the defendant's grocery store; that a gallon jug containing the same kind of whisky was found partly buried in the backyard, about 20 steps from the backdoor of the house; that back of the house were a barn and outhouses and a field, and at a distance of from 100 to 150 yards a swamp, and on the way to the swamp were holes "where whisky had apparently been buried," and on the edge of the swamp another jug of whisky was found. This was testified by a deputy sheriff, who stated that when searching for liquor on the premises he met the defendant as the defendant came from the backyard into the store; that the defendant denied knowing anything about the whisky in the bottle shown to him; and that "he did not deny knowing anything about the whisky found in the yard." Oats and hay, a small stove, a bed and a shirt were in the shed-room. The defendant's witness Davidson testified that he (the witness) kept cows on the place mentioned and used the field back of the store as a pasture for his stock, and that he used the shed-room to store hay and cow feed in, but did not put any whisky in the shed-room. The defendant, in his statement at the trial, denied knowledge of the whisky, and said that he had nothing to do with the outhouses or with the whisky, and did not use the shed-room; that everything in the room belonged to Davidson.

*Powers & Powers,* for plaintiff in error.

*Roy W. Moore,* solicitor, contra.